Naus Trimming Co., Inc., Plaintiff, *v.* Joseph Lubars, Doing Business under the Name of Plastones Co., Defendant.

Supreme Court, Special Term, New York County, May 17, 1944.

*I. N. Rapaport* for defendant.

*S. Landes* for plaintiff.

Eder, J. Motion to dismiss first cause of action denied. Concededly, the plaintiff placed a written order with the defendant, dated May 1, 1942, for 400 gross of buttons, style 362; the order was delivered and paid for. This written order contained the following: " Confined to us [plaintiff] for a period of (3) Three months from the date of delivery of the above. Upon placing an order for 3000 gross among all sizes on or before the end of the (3) three months' period then the item is again

to be confined for an additional period of (6) six months. The prices on the (3000) three thousand gross shall be

      20–40
      24–50
      30–60
      34–75 complete ''.

I shall, hereafter, for convenience, refer to the first cause of action as the complaint. The complaint alleges the making of the written order — contract referred to; it further alleges that plaintiff and defendant further agreed that for a period of three months from the date of the delivery of the said 400 gross, all buttons of that style would be '' confined '' (exclusively reserved) to plaintiff and that defendant would not sell such product to anyone else; that defendant further agreed that if plaintiff placed an order for 3,000 gross of said buttons on or before the expiration of said three months' period, the sale of such buttons would thereafter be confined to the plaintiff for an additional period of six months; that following the delivery and payment of the merchandise aforesaid and before the expiration of said three months' period, plaintiff did place an order for 3,000 gross of said buttons and that defendant failed and refused to deliver same to plaintiff; that thereafter and during said six months' period the plaintiff placed various orders for such buttons which defendant failed and refused to deliver, but in violation of said agreement sold said merchandise to others; due performance by plaintiff is alleged and damages sustained in the sum of $15,000.

In moving to dismiss, it is the defendant's contention that the goods and choses in action referred to above involve a sale of goods in excess of $50 in value under an oral agreement and hence it is unenforcible under the Statute of Frauds (Personal Property Law, § 85).

The contention is an untenable one. In legal effect the '' confined '' periods constituted options expressly given to the plaintiff to request shipments of additional merchandise; the exercise of the option was not a new agreement but was under the original sales agreement, which was in writing and hence out of the Statute of Frauds (*Nagel* v. *Cohen,* 112 N. Y. S. 1066; *Bushwick-Decatur Motors* v. *Ford Motor Co.,* 30 F. Supp. 917, 924, affd. 116 F. 2d 675).

For the breach of the contract in failing and refusing to confine the merchandise exclusively to plaintiff, it has a cause of action for damages suffered in consequence thereof and it is

upon a contract which is outside the scope of the Statute of Frauds. I think the defendant misconceives the nature of the action; it is not for a breach of contract for the sale of goods, but for breach of a contract whereby defendant gave to plaintiff exclusive options of purchase. Settle order.